IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDY GUARDADO-MEZEN,<br><br>Petitioner,<br><br>v.<br><br>PAUL COPENHAVER, Warden,<br><br>Respondent. | Case No. 1:14-cv-01806 MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER**<br><br>**(Doc. 1)** |

    Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

    Petitioner filed the instant habeas petition in this Court on November 19, 2014. He is currently incarcerated at United States Penitentiary Atwater. Petitioner was convicted by a jury in the United States District Court for the Southern District of Texas of hostage taking, 18 U.S.C. § 1203(a), and smuggling of illegal aliens, 8 U.S.C. § 1324. United States v. Ibarra-Zelaya, 465 F.3d 596, 600 (5th Cir. 2006). Petitioner was sentenced to life imprisonment. United States v. Guardado-Mezen, 2009 U.S. Dist. LEXIS 63995 (S.D. Tex. July 23, 2009). Petitioner claims he entitled to relief in light of the recent Supreme Court decision in Rosemond v. United States, 134 S. Ct. 1240, 1241 (2014). (See

generally Pet. at 6-7, ECF No. 1.)

I.    **SCREENING THE PETITION**

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

II.   **JURISDICTION**

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.

1988). In such cases, only the sentencing court has jurisdiction. Id. at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."); Tripati, 843 F.2d at 1162.

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Hernandez, 204 F.3d at 865. Here, Petitioner is challenging the validity and constitutionality of his conviction. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

The Ninth Circuit has recognized a narrow exception allowing a federal prisoner authorized to seek relief under § 2255 to seek relief under § 2241 if the remedy by motion under § 2255 is "inadequate or ineffective to test the validity of his detention." Alaimalo v. United States, 636 F.3d 1092, 1096 (9th Cir. 2011), citing Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). "This is called the 'savings clause' or 'escape hatch' of § 2255." Id. Furthermore, § 2255 petitions are rarely found to be inadequate or ineffective. Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir. 1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

On September 20, 2006, the Fifth Circuit Court of Appeals denied Petitioner's direct appeal. United States v. Ibarra-Zelaya, 465 F.3d 596, 600 (5th Cir. 2006). Petitioner next sought to challenge his sentence by way of a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. It was denied by the district of conviction on July 23, 2009. United States v. Guardado-Mezen, 2009 U.S. Dist. LEXIS 63995 (S.D.

Tex. July 23, 2009). Petitioner filed a motion for reconsideration of the order denying the motion to vacate. The court denied the motion for reconsideration on January 21, 2010. United States v. Guardado-Mezen, 2010 U.S. Dist. LEXIS 4520 (S.D. Tex. Jan. 21, 2010).

Petitioner filed a second motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 in the district of conviction in May of 2012. United States v. Guardado-Mezen, 2014 U.S. Dist. LEXIS 62307 (S.D. Tex. May 6, 2014). As Petitioner had not obtained permission from the Court of Appeals, the district court dismissed the motion on May 6, 2014. (Id.)

The Ninth Circuit has "held that a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim. Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006).

Petitioner argues, however, that § 2255 is inadequate and ineffective, because he has already filed § 2255 motions and they have been denied. Under the AEDPA, a prisoner may not bring a second or successive Section 2255 motion in district court unless "a panel of the appropriate court of appeals" certifies that the motion contains: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255; see Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008). Petitioner fails to meet either of these requirements.

Nevertheless, Petitioner's inability to meet the statutory requirements for filing a successive Section 2255 motion does not automatically render the remedy under Section 2255 inadequate or ineffective. See Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (concluding that a Section 2255 movant may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to Section 2241 rather

than Section 2255, and that the AEDPA required dismissal of petitioner's successive Section 2255 motion because his claim was based neither on a new rule of constitutional law made retroactive by the Supreme Court nor on new evidence). To the extent Petitioner may argue that his only remedy is to pursue his claim via a habeas petition pursuant to Section 2241 because a panel of the court of appeals would refuse to certify a second or successive motion under Section 2255, Petitioner's argument fails. Section 2241 "is not available under the inadequate-or-ineffective-remedy escape hatch of [Section] 2255 merely because the court of appeals refuses to certify a second or successive motion under the gatekeeping provisions of [Section] 2255." Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). Further, as previously stated, the remedy under Section 2255 usually will not be deemed inadequate or ineffective merely because a previous Section 2255 motion was denied, or because a remedy under that section is procedurally barred. Id. at 953 (stating that the general rule in the Ninth Circuit is that "the ban on unauthorized second or successive petitions does not per se make § 2255 'inadequate or ineffective'"); see also United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural limits on filing second or successive Section 2255 motion may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651); Moore, 185 F.3d at 1055 (rejecting petitioner's argument that Section 2255 remedy was ineffective because he was denied permission to file a successive Section 2255 motion, and stating that dismissal of a subsequent Section 2255 motion does not render federal habeas relief an ineffective or inadequate remedy); Tripati, 843 F.2d at 1162-63.

Moreover, Petitioner has failed to demonstrate that his claims qualify under the savings clause of Section 2255 because Petitioner's claims are not proper claims of "actual innocence." In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely

than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623. Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen, 223 F.3d at 954. "[S]uch a claim requires petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995).

In this case, Petitioner has not presented a case of factual innocence. Instead, Petitioner argues that in light of new Supreme Court law that the government failed to prove the required knowledge to be convicted of aiding and abetting. (See Pet.) Petitioner's argument that he lacked the intent to aid and abet in the crime does not present a sufficient showing of factual innocence. Petitioner does not present any new factual argument, instead he relies on new case law to argue that the wrong legal standard was presented to the jury. Petitioner has not shown that in light of the new caselaw, no reasonable juror would have convicted him. Accordingly, it is not a cognizable claim of 'actual innocence' for the purposes of qualifying to bring a § 2241 petition under the escape hatch. Marrero v. Ives, 682 F.3d 1190, 1193-94 (9th Cir. 2012) (collecting similar holdings from other circuits).

Moreover, even if Petitioner had an unobstructed procedural shot to challenge the conviction, his claim would fail. Petitioner's reliance on United States v. Rosemond, 134 S. Ct. 1240, 188 L. Ed. 2d 248 (2014), does not bring his claim within the savings clause. Rosemond involved a direct appeal from a criminal conviction and the Supreme Court gave no indication that its decision should be given retroactive application to a case on collateral review, such as the instant action. Furthermore, this Court could find no Circuit Court decision in which Rosemond was applied retroactively. See, e.g., United States v. Newman, 755 F.3d 543, 546-47 (7th Cir. 2014) (discussing Rosemond in context of direct appeal from conspiracy conviction); United States v. Davis, 750 F.3d

1186, 1192-93 (10th Cir. 2014) (suggesting prospective application only: "After Rosemond, a jury instruction on aiding and abetting § 924(c) should address the defendant's advance knowledge of the gun."); Berry v. Capello, No. 12-2402, 2014 U.S. App. LEXIS 15778, 2014 WL 3973385, at *12 (6th Cir. Aug. 14, 2014) (in a § 2254 case, "The Supreme Court did not state whether the principles explained in Rosemond apply retroactively to convictions that are final under state law."). Likewise, district courts that have considered the question have concluded that a claim based on Rosemond is not cognizable under § 2241. See, e.g., Rainwater v. Werlich, No. 14-cv-994, 2014 U.S. Dist. LEXIS 118332, 2014 WL 4273631, *2 (D. La. Aug. 29, 2014) (relief not available in § 2241 under savings clause of § 2255(e) because Rosemond has not been declared retroactively applicable by Supreme Court); Gentile v. Fox, 2014 U.S. Dist. LEXIS 109989, 2014 WL 3896065, *8 (C.D. Cal. July 11, 2014) ("The [Rosemond] case did not involve an actual innocence claim, but rather merely an instructional error claim, and there is no indication in the decision that the rule declared therein regarding what it takes to aid and abet a § 924(c) offense would apply retroactively on collateral review."); Montana v. Cross, 2014 U.S. Dist. LEXIS 145544, 7-8 (S.D. Ill. Oct. 9, 2014).

Accordingly, Petitioner has not met either prong of the savings clause, and the Court recommends that the petition be dismissed.

### III.   RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED. Further, the Court ORDERS that the Clerk of Court assign a District Court Judge to the instant matter.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations. The Court will then

review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   December 3, 2014              /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE